RELIEF, The. See Case No. 6,454.

## Case No. 11,694.

### The RELIGIONE E LIBERTA.

[5 Reporter, 646;[1] 5 Wkly. Notes Cas. 211.]

Circuit Court, E. D. Pennsylvania. Jan. 17, 1878.

#### CHARTER-PARTY—SALT AS BALLAST.

A clause in a charter that the vessel shall sail without delay, and in ballast, to enter upon the charter, is sufficiently performed if the vessel carry a cargo of salt, where no damage is shown to have resulted.

[Appeal from the district court of the United States for the Eastern district of Pennsylvania.]

The bark was chartered to sail to Philadelphia, and be loaded by the respondents with a cargo of grain for Europe. The charter-party contained the following clause: "It is understood that the vessel, being already chartered for a previous voyage, has, after completion of the same, to return to Philadelphia without delay, and in ballast, to enter upon this charter." While discharging at Liverpool, under the first charter, the master made another charter with a third party, whereby the bark, which was of the register of 868 tons, was loaded with about 600 tons of salt, which it carried to Philadelphia, and delivered to the consignee (the salt charter stipulating for —— lay days), and about fifteen days were consumed in discharging the salt. After the discharge of the salt at this port, the master reported to the respondents, who refused to receive the bark. Freights having declined, this action was thereupon brought to recover the difference. Numerous witnesses, ship-brokers and others, were examined on the question whether salt was considered ballast, the weight of the testimony being that it was not, and that ballast only included an unmerchantable commodity.

The district court (Cadwalader, District Judge, orally) sustained the libel, and entered a decree in favor of the bark [case unreported], from which decree respondents took this appeal.

Ward & Henry, for appellants.

The manner for freighting vessels for Europe from the United States requires that the charterer should have the option of loading the moment the vessel arrives, so as to have the advantage of a rise in freight. Hence the stipulation to sail in ballast. Such a stipulation is a condition precedent. [Lowber v. Bangs] 2 Wall. [69 U. S.] 736; 2 Man. & G. 257; 1 Hurl. & N. 893; 1 Exch. 416. It is not a question whether the master could take salt instead of stone for ballast, although this is more than doubtful under the evidence. A cargo of salt must be entered at the custom-house, and be discharged at a proper wharf in proper weather. Hence a cause of detention not occurring to a vessel sailing in ballast. Here the master, after chartering to respondents "to sail in ballast," actually rechartered at Liverpool for a cargo of salt, giving the privilege of lay days to the charter. The Philadelphia charterer was therefore at the mercy of the Liverpool charterer, who could have detained the vessel after arrival, and the Philadelphia charterer might lose the chance of the market. It is not a question of damages, but whether we were bound to accept.

Mr. Flanders, contra.

Any heavy merchandise in quantity sufficient to trim or stiffen the vessel is ballast. Abb. Shipp. 4; 4 Exch. 889. Even if not so, yet the stipulation to sail in ballast is not a condition precedent, but a mere agreement, a breach of which makes the parties liable in damages, if damage can be shown. 1 Hurl & N. 183; 12 Moore, P. C. 199; 12 East, 381; Spee's Abb. 188; L. R. 1 C. P. 643; 8 Taunt. 576.

THE COURT. The decree is affirmed with costs.